IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV499-03-MU

| | |
|---|---|
| LARRY DONNELL HARBISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| NORTH CAROLINA DEPT. OF CORR. et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed November 3, 2008 (Document No. 1.) For the reasons stated herein Plaintiff's Complaint is dismissed for failure to state a claim for relief.

Plaintiff alleges in his Complaint against the North Carolina Department of Corrections; Boyd Bennett; Roger Patterson; Hattie Pimpong; Mr. Dalrymple; Director's Classification Committee ("DCC") members at Piedmont Correctional Institution; DCC members at Lanesboro Correctional Institution; Facility Classification Committee ("FCC") members at Piedmont Correctional and Theodis Beck that his due process rights were violated by Defendants because he was not permitted to introduce evidence at his disciplinary hearings explaining why he escaped from the Burke County Jail on January 10, 2007.[1] Plaintiff also alleges that he has been treated differently than those who escaped with him because they are not in segregated confinement.

---

[1] The Court notes that the facts leading up to Plaintiff's escape and those which presumably support his duress defense to the escape are the subject of another lawsuit filed by Plaintiff. See 1:07cv269. Plaintiff also has a second civil rights case pending before the undersigned involving his claim that he was denied access to a bathroom and an excessive force claim. See 1:07cv204.

1

# I. FACTUAL BACKGROUND

Plaintiff's Complaint and supporting documents establish that on January 10, 2007, Plaintiff and two others escaped from Burke County Jail after overpowering a detention officer. Plaintiff was apprehended at North East Medical Center and held at Central Prison under a safe keeping order.[2] Petitioner was returned to Burke County Jail and eventually sentenced for his underlying criminal charge. After Petitioner was sentenced, he was placed at Piedmont Correctional and was placed in segregation for the escape that occurred at the Burke County Jail. Petitioner contends that his due process rights were violated because he was not permitted to put on any evidence of his duress defense which, he claims, would explain why he had to escape from the Burke County Jail.

# II ANALYSIS

The Fourteenth Amendment provides that a person cannot be deprived of liberty or property without due process of law. However, in the context of prison disciplinary hearings, a prisoner must establish the existence of a protected liberty interest. The Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974) held that when a liberty interest is at issue, certain procedural safeguards must be followed. The Supreme Court has gone on to state however, that not all punishment that a prisoner may receive is subject to the procedural safeguards of Wolff. Instead, a prisoner must establish that his punishment is "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472 (1995). The Court admitted that "prisoners do not shed all constitutional rights at the prison gate," Wolff, 418 U.S. at 555, but stated that "'lawful incarceration brings about the necessary withdrawal or limitations of many

---

[2] Plaintiff contends that his safe keeping order were was "voided" by Judge Ervin in April, 2007.

privileges and rights, a retraction justified by the considerations underlying our penal system.'" Jones, 433 U.S. at 125, quoting Price v. Johnston, 334 U.S. 266 (1948). The Court concluded that "[d]iscipline by prison officials in response to wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995) (holding that segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest). The Court has also stated that a decision by a disciplinary board to revoke good-time credits passes scrutiny under the Due Process Claus if there is some evidence in the record to support the conclusions. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence to support such a conviction, nor any other standard greater than some evidence applies in this context." Id. at 456 (internal citations omitted). Therefore, federal Courts will not review the entire record, weigh evidence or assess witness credibility. Id. at 455-56. A disciplinary board's findings will be disturbed only when unsupported by any evidence or wholly arbitrary and capricious. Id. at 457; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990) (record of prison disciplinary hearing need not establish reliability of confidential informant to meet "some evidence" standard.)

     Plaintiff's main argument is that he was deprived of due process rights at his disciplinary hearing because he was not permitted to put on any evidence explaining why he escaped from the Burke County Jail. Assuming for the moment that Plaintiff has established that a liberty interest of the type discussed in Wolff is at stake, Plaintiff has received the due process to which he is entitled.

3

Plaintiff does not dispute that he escaped from the Burke County Jail and that in the process, a detention officer was overpowered and handcuffed. Further, Plaintiff does not dispute that he was apprehended at the North East Medical Center Medical Center. Whatever evidence that Plaintiff would have provided explaining why he escaped does not diminish the fact that he did, in fact, escape. The Court finds, as outlined in <u>Superintendent , Mass. Correctional Institution v. Hill</u>, that there was "some evidence" to support the decisions of the disciplinary officer in that Plaintiff did actually escape from the Burke County Jail and was apprehended at the North East Medical Center.

After careful review of the Plaintiff's Complaint and the supporting documents, the undersigned finds that there is some evidence to support the decision from Plaintiff's disciplinary hearing and as such Plaintiff received the due process to which he was entitled. The alleged violation contained in Plaintiff's Complaint does not violate the safeguards as outlined in <u>Wolff</u>. Plaintiff's Complaint shall be dismissed for failure to state a claim for relief. See 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Plaintiff's Complaint (Document No. 1) is dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: November 18, 2008

Graham C. Mullen
United States District Judge